# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERINE MELADIE ROBERTSON,<br><br>    Defendant. | Case No. CR-04-94-RAW |

## **ORDER**

Before the court is Defendant's motion to change the method by which the balance of her sentence is served [Docket No. 81]. On February 14, 2005, Defendant was committed to the custody of the Bureau of Prisons to be imprisoned for a term of one hundred and twenty (120) months. According to Defendant, she has served forty-one (41) of those months, and she asks that she now be released to home confinement for the remainder of her sentence. Defendant bases her request on 18 U.S.C. § 3553 *et. seq.* and 42 U.S.C. § 13882.

She states that she is "the primary caretaker of two children." Defendant lists her two children at eighteen and ten years of age. She notes that pursuant to 42 U.S.C. § 13882, the Violent Crime Control and Law Enforcement Act of 1994, the Bureau of Prisons was authorized to initiate the Family Unity Demonstration Project, which could unite parents with their children in "halfway house-like facilities." She then argues that because the Bureau of Prisons has "failed to and refuses to effectuate the Project," this court may fashion an alternative remedy. She requests this court to allow her to "serve the remainder of her sentence on home confinement or in a halfway house-like facility."

The government argues that even if the Family Unity Demonstration Project had been implemented by the Federal Bureau of Prisons, it would not have been applicable in Defendant's situation. A "child" as defined by 42 U.S.C. § 13882 is a person who is less than seven years of age. Defendant's "children" are eighteen and ten years of age. Moreover, the government argues, the Act defines an "eligible offender" as a "primary caretaker parent who has been sentenced to a term of imprisonment of not more than seven years." Defendant was sentenced to ten years.

Additionally, a prisoner is not eligible if they engaged in conduct that "knowingly resulted in death or serious bodily injury" or "is a felony for a crime of violence against a person." Defendant is serving her ten year sentence for "conspiracy to use an interstate facility in murder for hire." The court believes that a conspiracy involving "murder for hire" may qualify as a "crime of violence against a person."

In any event, the possibility of application of 42 U.S.C. § 13882 to Defendant's situation is of no consequence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). When a request for sentence reduction is not a direct appeal or collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c). United States v. Smartt, 129 F.3d 539, 540 (10th 1997).

That statute provides only three jurisdictional grants under which a court may modify a term of imprisonment once it has been imposed: (1) upon a motion by the Director of the Bureau of Prisons; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the FED. R. CRIM. P.; or (3) if a sentencing range has subsequently been lowered by the Sentencing Commission. See United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005).

All three avenues are inapplicable in this case. As to the first, the Director of the Bureau of Prisons has not brought a motion. As to the second, the court knows of no modification expressly permitted by statute and Rule 35 is clearly inapplicable on this motion. As to the third, Defendant's sentencing range has not been lowered by the Sentencing Commission.

Accordingly, Defendant's motion to change the method by which the balance of her sentence is served [Docket No. 81] is hereby DENIED.

It is so ORDERED this 8th day of April, 2008.

**Dated this 8th Day of April 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma